**Kenneth D. PHILLIPS, Plaintiff,**

v.

**Joe MOORE, Defendant.**

**No. C–C–76–171.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Dec. 8, 1977.

Walter H. Bennett, Jr., Casey, Daly & Bennett, P. A., Charlotte, N. C., for plaintiff.

Frank B. Aycock, III, Charlotte, N. C., for defendant.

### ORDER

McMILLAN, District Judge.

Plaintiff filed this suit on May 28, 1976, seeking damages under 42 U.S.C. § 1983 for violation of his Fifth, Eighth and Fourteenth Amendment rights. The case was tried before a jury on October 26 and 27, 1977, and the jury returned a verdict in favor of plaintiff in the amount of $423.00. The jury determined that plaintiff had been deprived of his constitutional rights when, while in the custody of the Union County Sheriff's Department on July 2, 1975, he was struck by the defendant in the region of his left eye and temple. No judgment has been entered on the verdict.

The case is before the court on plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 1988. Pursuant to the court's order of November 28, 1977, plaintiff has furnished in affidavit form the information necessary for a decision, and a meeting with counsel was held on December 2, 1977, to discuss certain issues raised by the motion. The matter is now ready for decision.

## I.

■ The Civil Rights Attorney's Fees Act amending 42 U.S.C. § 1988 became effective on October 19, 1976, approximately five months after this action was filed. Attorney's fees may be awarded under the statute for cases pending at the time of its effective date. *Beazer v. New York City Transit Authority,* 558 F.2d 97, 100 (2d Cir. 1977); *Wade v. Mississippi Co-op. Extension Service,* 424 F.Supp. 1242, 1252–53 (N.D. Miss.1976).

## II.

Under the statute fees may be awarded only to the "prevailing party." Proceedings in this case are now completed and plaintiff has succeeded in obtaining a verdict for money damages. More importantly, plaintiff has been vindicated on his claim that the incident on July 2, 1975, resulted in a deprivation of his constitutional rights.

■ Denial of constitutional rights sometimes results in little damage in terms of major bodily injury or financial loss. Verdicts in such cases are sometimes small. The injured parties are usually persons of little or no income or resources. Only if their rights can be advanced by skilled and able trial lawyers can they be vindicated at all. But skilled and able trial lawyers cannot be expected to work for the fraction of a small recovery which such cases often produce. It was for these reasons, among others, that Congress adopted the amendment to 42 U.S.C. § 1988, authorizing the award of attorney's fees in appropriate cases. That statute is an expression of the will and intent of Congress that constitutional rights be recognized and vindicated through private suit and that defendants found by the court or jury to have violated those rights should pay the expenses of counsel for prevailing plaintiffs. It would make a farce of this intent if the court were to hold that defendant had won the case because plaintiff got only a small fraction of the amount he sued for or demanded in settlement.

Plaintiff is clearly the prevailing party, and an award of attorney's fees is appropriate.

## III.

■ Factors to be considered in determining the amount of a fee award have been discussed in many cases, including *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and *Swann v. Charlotte-Mecklenburg Board of Education,* 66 F.R.D. 483 (W.D.N.C.1975), both of which cases are cited with approval in Senate Report No. 94–1011, U.S.Code Cong. & Admin.News 1976, p. 6338, the report from the Judiciary Committee on what was to become the amendment to 42 U.S.C. § 1988. These factors include:

1. *Results obtained:* As noted above, the most important result achieved in this case was the vindication of a claim of constitutional protection. In addition, plaintiff received reimbursement for medical expenses incurred as a result of the incident. His injury was neither major nor permanent.

2. *The difficulty and novelty of the case:* The case presented no novel questions of law or fact. It did require preparation of expert medical testimony.

3. *Time and labor involved:* Plaintiff's counsel has submitted affidavits itemizing the time spent on this case. The total amount of time expended for preparation and trial is 46.8 hours. Trial was conducted with a minimum of delay or wasted time. Under the circumstances the court finds that the amount of time spent by plaintiff's attorney is not unreasonable.

4. *Fees customarily charged for similar services:* Plaintiff's counsel states that because of the nature of his practice, involving contingent cases, or criminal representation or cases carrying possible awards of attorney's fees, he rarely bills a client on an hourly basis. Fees he has received in several employment discrimination cases, computed on an hourly basis, ranged from $55 an hour to $75 an hour, and he states that if his client in this case were able to pay an hourly rate he would charge $60 an hour. Although there is nothing in the record, the court is informed that this last figure is somewhat higher than defendant's counsel charges for his services in cases like the present.

5. *Whether the fee is fixed or contingent:* Plaintiff's attorney in his affidavit filed November 2, 1977, states that to date he has received no compensation from his client. There is no other evidence of the nature or existence of any fee agreement between plaintiff and his attorney. In any event, the existence of any such agreement is not dispositive as to an award of fees. *Cf. Miller v. Amusement Enterprises, Inc.,* 426 F.2d 534 (5th Cir. 1970); *Swann v. Charlotte-Mecklenburg Board of Education, supra.*

6. *The undesirability of the case:* Civil rights cases are, almost by definition, challenges to established authority. They have traditionally been unpopular cases among some members of the bar and the general public. While the stigma associated with handling civil rights cases has dissipated somewhat, it is not gone altogether. The amendment to 42 U.S.C. § 1988 was designed in part to mitigate the adverse economic consequences of taking unpopular cases.

Although there is no specific evidence that plaintiff's attorney rejected other possible fee-producing cases because of this case, the court notes that about eight working days of lawyers' time were devoted to the case. Obviously, this is time that might otherwise have been productively spent.

7. *Reputation, experience and ability of plaintiff's counsel:* Plaintiff's attorney has practiced law for over five years. Much of this time has been spent in litigation of numerous civil rights cases of varying size and complexity before this court. By the court's observation of plaintiff's attorney in this case and others, he is a highly competent and effective litigator.

8. *Cost of operating a law business:* No data were supplied as to the modern cost of operating a law office but it must be borne in mind that rent, salaries, license fees, books, business equipment, travel and other expenses are large these days; that those items have to be paid out of "fees" before the lawyers can start paying themselves and the income tax collectors; and that the fees herein awarded are *not* "net profits" to the recipient.

9. Plaintiff's attorney has directly expended $217.67 through the date of trial. This sum is recoverable as costs.

 Taking all the foregoing into account, plaintiff is entitled to his expenses of $217.67 and to an attorney's fee of $2,850.00, all of which I find to be reasonable and earned.

IT IS THEREFORE ORDERED that the foregoing sums be taxed as costs against the defendant.