Michael B. **SHIELDS,** Plaintiff,

v.

Michael D. **SHETLER, individually, and as the Sheriff of Montezuma County, Colorado,** Defendant.

**Civ. A. No. 87–C–1757.**

United States District Court, D. Colorado.

May 13, 1988.

---

124

Stanley Morris, Cortez, Colo., for plaintiff.

Cathy S. Harris, Hall and Evans, Denver, Colo., for defendant.

**ORDER**

CARRIGAN, District Judge.

Plaintiff Michael B. Shields commenced this civil rights action by alleging five claims for relief under 42 U.S.C. §§ 1981, 1983 and 1988, the Fourteenth Amendment, the Privacy Act of 1974, 5 U.S.C. § 552a, and the Colorado Open Records Act, Colo. Rev.Stat. §§ 24–72–201 *et seq*. Defendant Shetler filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on December 18, 1987. By order dated March

28, 1988, I dismissed the complaint and the action. 682 F.Supp. 1172.

Currently pending are: (1) the plaintiff's motion for rehearing on my order dismissing the case; (2) the defendant's request for attorney's fees with respect to the plaintiff's motion for rehearing; and (3) the defendant's motion for attorney's fees with respect to the plaintiff's principal case. The parties have briefed the issues and oral argument would not materially assist my decision.

The complaint alleged these facts: Plaintiff was a deputy sheriff of Montezuma County, Colorado, from approximately June 1, 1985 through February 20, 1987. A few months after the defendant became sheriff of Montezuma County, the plaintiff resigned from his position as deputy. After the plaintiff's resignation, he was subpoenaed by the prosecution to appear in a criminal matter. A defense attorney in the pending criminal matter subpoenaed the plaintiff's personnel file, seeking information in the file to use in attacking the plaintiff's testimony during the trial. Defendant, as custodian of records, subsequently turned over a copy of the plaintiff's personnel file to the defense attorney for inspection.

As a result of the defendant's production of the plaintiff's file, the plaintiff filed this case, alleging an array of federal constitutional and statutory violations and a violation of the Colorado Open Records Act. Plaintiff's first claim for relief alleged that the defendant violated his Fourteenth Amendment right to due process. The second, third and fourth claims for relief asserted that "[t]he deliberate indifference of the Defendant to the constitutionally protected rights of the Plaintiff, violated rights secured" to the plaintiff by 42 U.S.C. §§ 1981, 1983 and 1988.

The fifth claim for relief alleged that the defendant's actions violated the plaintiff's rights secured by the Privacy Act of 1974, 5 U.S.C. § 552a, and by the Colorado Open Records Act, Colo.Rev.Stat. § 24–72–201 *et seq.* Plaintiff specifically alleged that Shetler had a duty under Colo.Rev.Stat. § 24–72–204(3)(a)(II) to deny access to the plaintiff's personnel records, and to seek court protection instead.

In ruling on the defendant's motion to dismiss, I characterized the plaintiff's claim for relief under 42 U.S.C. § 1981 as frivolous. I observed that § 1981 deals with racial and ethnic discrimination, and that the plaintiff, a white male, had failed to allege discriminatory animus.

I also concluded that the doctrine of qualified immunity barred the plaintiff's claims for relief under the Fourteenth Amendment and 42 U.S.C. § 1983. Additionally, I held that the plaintiff's claim for relief under 42 U.S.C. § 1988 was without merit because § 1988 was intended to complement the various acts that create federal claims for relief for violations of federal civil rights. I reasoned that without a violation of another federal civil rights statute, § 1988 does not provide an independent right of action.

I did not reach the qualified immunity issue with respect to the fifth claim for relief because of my determination that the statutes relied upon by the plaintiff as the foundation for that claim do not provide a private right of action. Finally, I held that the plaintiff's allegations asserted under the Privacy Act of 1978, 5 U.S.C. § 552a, did not state a claim for relief because that act does not apply to state agencies or bodies.

A. Plaintiff's Motion for Rehearing (Motion for Reconsideration).

Plaintiff's "Motion for Rehearing" has been mischaracterized; I assume it is intended as a motion for reconsideration. Plaintiff asserts that his motion for rehearing is authorized by Fed.R.Civ.P. 56. That Rule does not authorize such a motion. Moreover, it appears that the plaintiff's motion rests on the assertion that this court committed legal errors in granting the defendant's motion to dismiss. Consequently, I will treat the plaintiff's motion as a motion for reconsideration of my original decision.

Although the term "motion for reconsideration" is not mentioned in the Federal Rules of Civil Procedure, the motion is not

uncommon in federal practice. *Above-the-Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). "Reconsideration, as generally used, is a reconsideration by the same court by which the original determination was made." *Id.*

A motion for reconsideration must do two things: "First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Hawaii 1987). Courts have distilled the following three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986).

Since the plaintiff presents no new law or evidence, he apparently bases his motion for reconsideration solely on the need to correct clear legal error. But while the plaintiff asserts that this court "erred as a matter of law" in dismissing his complaint and action, he presents no new arguments or authority in support of this assertion. Indeed, with the exception of one new sentence alleging a private right of action under 42 U.S.C. § 1988, the plaintiff's arguments are a nearly verbatim reiteration of his earlier arguments presented in his Brief in Opposition to Defendant's Motion to Dismiss—arguments fully considered and rejected by this court.

■ Although there are some circumstances when a motion to reconsider may perform a valuable function, the plaintiff's motion here performs no function at all, other than to reargue contentions already considered by this court and to waste valuable judicial resources. A motion for reconsideration is not a license for a losing party's attorney to get a "second bite at the apple" by using a word processor to move around the paragraphs from a previously submitted brief, and file a retread of the old brief disguised as a motion for reconsideration. I find and conclude that the plaintiff's motion for rehearing (reconsideration) is frivolous, and it is denied.

**B.  Defendant's Request for Attorney's Fees Incurred in Responding to the Motion for Rehearing.**

Defendant argues that because the plaintiff has raised no new grounds to support his motion for rehearing, the defendant is entitled to attorney's fees, costs and expenses reasonably incurred in responding to that motion.

■ Generally, a litigant must pay his or her own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, the Court in *Alyeska* acknowledged the "inherent power" of courts to assess attorney's fees when the losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." 421 U.S. at 258–59, 95 S.Ct. at 1622. The Court also has observed that it is within the inherent power of a federal court to assess attorney's fees against an attorney who has acted unreasonably, vexatiously, or in bad faith in connection with litigation in a manner that constitutes abuse of the judicial process. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). *See also Morris v. Adam–Millis Corp.*, 758 F.2d 1352, 1357 n. 7 (10th Cir.1985) ("it is well established that courts have the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate their dockets, promote judicial efficiency and deter frivolous filings.").

■ The language of Rule 11, Fed.R. Civ.P., imposes an affirmative duty on judges to enforce sanctions when that Rule has been violated. *Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir. 1985).[1] Rule 11 states in pertinent part:

---

**1.** Monetary sanctions under Rule 11 are not measured by *actual* expenses and fees, but rather by the court's discretionary determination of *reasonable* expenses and fees. *Colorado Chiropractic Council v. Porter Memorial Hosp.*, 650 F.Supp. 231, 243 (D.Colo.1986). Attorney's fees

"The signature of an attorney or party [on a pleading] constitutes a certificate by him that ... to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose...."

Although discretion to impose sanctions under Rule 11 should be exercised with care, courts have a duty to apply sanctions in appropriate cases.[2]

An additional deterrent against abuse of the judicial process is found in 28 U.S.C. § 1927. *Haynie v. Ross Gear Division*, 799 F.2d 237 (6th Cir.1986). Section 1927 provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Three substantial requirements must be met before liability may be imposed under § 1927: (1) a multiplication of proceedings by an attorney or other person; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Campana v. Muir*, 615 F.Supp. 871, 874 (M.D.Pa.1985).

■ Having found that the motion for rehearing was frivolous, I conclude that the plaintiff filed it in violation of both Rule 11 and 28 U.S.C. § 1927. As discussed in section A, *supra,* it is obvious that the motion for rehearing is a nearly verbatim rehash of the plaintiff's already considered Brief in Opposition to the Defendant's Motion to Dismiss. The motion

for rehearing has needlessly prolonged the duration and increased the expense of a lawsuit that should never have been filed. Filing of the motion was both unreasonable and vexatious. Both the defendant and the court have suffered from the frivolous conduct of the plaintiff and his attorney.

Therefore the defendant is entitled to an order that the plaintiff and the plaintiff's counsel are jointly and severally liable for the defendant's attorneys' fees and costs reasonably incurred in responding to the motion for rehearing.

C. Defendant's Motion for Attorney's Fees with Respect to the Plaintiff's Principal case.

Defendant not only seeks attorney's fees and costs for having to respond to the plaintiff's motion for rehearing, but he also has filed a separate motion seeking attorney's fees and costs incurred in defending the plaintiff's principal case. Defendant contends that an award of attorney's fees is appropriate because:

"It was clear that the Plaintiff did not have a § 1981 claim as he could show no class-based discriminatory animus. Additionally, § 1988 creates no substantive rights under which Plaintiff could bring suit. In spite of this, a § 1988 claim was raised. There was no merit to Plaintiff's Freedom of Information Act [Right to Privacy Act] claim as it is well established that the Act does not apply to the states or state entities." (Motion, at 2.)

■ The requirements for enforcing sanctions under Rule 11 and 28 U.S.C. § 1927 have been discussed previously in this order. Attorney's fees may also be awarded to a prevailing party in a civil rights action pursuant to 42 U.S.C. § 1988. An award of attorney's fees under § 1988 is within the trial court's discretion. *Keyes v. School Dist.,* 439 F.Supp. 393 (D.Colo. 1977).

should be assessed only for time spent responding to frivolous pleading. *Id.*

2. Although a hearing may be desirable to determine the propriety of imposing sanctions in most cases, where abuse of the judicial process is abundantly clear from the pleadings and mo-

tions filed, a hearing is not required. *Colorado Chiropractic Council,* at 244. Where the record speaks for itself, a court should not further protract frivolous litigation by requiring a hearing.

Plaintiff argues that the defendant is not entitled to attorney's fees under § 1988 because "§ 1988 awards are generally thought of as a plaintiff's remedy." (Reply motion, at 3.) *See Phillips v. Moore*, 441 F.Supp. 833 (D.N.C.1977) (§ 1988, and its 1976 amendment, express the will and intent of Congress that constitutional rights be recognized and vindicated through private suits and that defendants found to have violated those rights should pay expenses of counsel for prevailing plaintiffs); *Seals v. Quarterly County Court*, 562 F.2d 390 (6th Cir.1977) (1976 amendment to § 1988 was designed to provide for award of attorney's fees in private attorney general type of claims). However, in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Court held that a defendant who prevails in a § 1988 action may be awarded attorney's fees if the court finds that the plaintiff's action was frivolous, unreasonable or without foundation.

▆▆ I find and conclude that the plaintiff and his attorney acted frivolously, unreasonably, and without foundation in established law when they alleged claims under § 1981, § 1988, the Privacy Act of 1978, and the Colorado Open Records Act. Even the most cursory research would have revealed that under the facts here presented the plaintiff had no private claim for relief under these statutes. The inclusion of these claims for relief in the complaint has needlessly prolonged this litigation, and has substantially increased its cost. I therefore find and conclude that the plaintiff and his attorney are jointly and severally liable under § 1988, Rule 11 and § 1927 for the attorney's fees and costs reasonably incurred by the defendant in meeting these claims for relief.

▆▆ However, given the current uncertainty surrounding application of the qualified immunity doctrine, I cannot find or conclude that the law regarding the plaintiff's Fourteenth Amendment claims was entirely clear when the suit was filed. Therefore, I decline to hold that the defendant's qualified immunity with respect to those claims renders those claims frivolous.

*See Campana, supra*, 615 F.Supp. at 877 (a claim must lack even a colorable basis in law to justify an award of fees). Thus I conclude that the defendant is not entitled to an award of attorney's fees incurred in defending against the plaintiff's Fourteenth Amendment claims.

▆▆ Plaintiff argues that the defendant's motion for attorney's fees must be denied as untimely under Local Rule 105. That Rule states in part that "[b]ills of cost and motions to tax costs including claims for attorney fees must be made on or before ten (10) days after entry of judgment." However, a judgment has not yet been entered in this case, and for that reason this contention is groundless.

For the reasons stated above, IT IS ORDERED that:

(1) Plaintiff's motion for rehearing—which I have treated as a motion for reconsideration—is denied;

(2) Defendant's request for an award of reasonable costs and attorney's fees incurred in responding to the plaintiff's motion for rehearing (reconsideration) is granted;

(3) Plaintiff and his attorney, Stanley B. Morris, are jointly and severally liable for, and shall pay to the defendant, costs and attorney's fees reasonably incurred in responding to the plaintiff's motion for rehearing;

(4) Defendant's motion for costs and attorney's fees reasonably incurred in defending against the plaintiff's principal case is granted in part and denied in part;

(5) Plaintiff and his attorney, Stanley B. Morris, are jointly and severally liable for, and shall pay to the defendant, costs and attorney's fees reasonably incurred in defending the plaintiff's claims for violation of: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1988; (3) the Privacy Act of 1978, 5 U.S.C. § 522a; and (4) the Colorado Open Records Act, Colo.Rev.Stat. §§ 21–72–201 et seq.

(6) Each party shall bear his own costs arising out of the plaintiff's claims

for violation of the Fourteenth Amendment;

(7) Counsel and the parties shall confer within 11 days in an effort to agree upon a reasonable amount to be paid by the plaintiff and the plaintiff's counsel for the defendant's attorney's fees and costs. Upon agreement, the defendant shall report to the court in writing the fact of agreement and the amount agreed. If all issues cannot be agreed upon, the defendant shall report the status and request an expedited hearing to decide all matters still in dispute. The parties are admonished that additional attorney's fees and costs may be awarded for bad faith delay or failure to agree to reasonable proposals to finalize this matter; and

(8) After the parties have conferred in accordance with paragraph (6) above, the defendant shall submit, for the court's consideration, an amended order for judgment to be signed by the judge, and a judgment to be signed by the clerk of the court after approval as to form by the judge. Plaintiff may file objections and an alternative proposed order for judgment within five days.