**Maureen G. OJA, Plaintiff,**

v.

**HOWMEDICA, INC., Defendant.**

**No. 93–C–858.**

United States District Court,
D. Colorado.

April 1, 1994.

---

W. Randolph Barnhart, Englewood, CO, for plaintiff.

Jamie Harrison, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Maureen G. Oja, a resident of Colorado, commenced this action against Howmedica, Inc., a Delaware corporation. On March 23, 1994, this Court denied Howmedica's motion for summary judgment. Howmedica seeks reconsideration of that or-der. Ms. Oja has not yet responded. Jurisdiction exists under 28 U.S.C. § 1332.

 Generally, three grounds may justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo.1988). Howmedica argues that a recent decision from the United States Court of Appeals for the First Circuit shows that this Court's interpretation of the express preemption provision contained in the Medical Device Amendments (MDA) is erroneous.[1]

In *Mendes v. Medtronic, Inc.*, the First Circuit held that tort claims against a device cleared for marketing pursuant to § 510(k) pre-market notification procedures, are preempted by the MDA. 18 F.3d 13 (1st Cir.1994). There is no dispute that the hip replacement device that was implanted in Ms. Oja was marketed pursuant to these notification procedures. After a close reading of *Mendes*, however, I am not persuaded by its reasoning and decline the invitation to follow its course.

The First Circuit has adopted a very broad reading of § 360k(a). According to the First Circuit, the first step in the preemption analysis is to "outline the Act's requirements applicable to the device." *Mendes*, 18 F.3d at 16. Next, the plaintiff's claims are scrutinized "to determine whether the successful litigation of any of them would 'establish or continue in effect' a 'different' or 'addition[al]' requirement." *Id.* (citing 21 U.S.C. § 360k(a)).

In *Mendes*, the court compared *general* labeling regulations [2] and *general* regulations on good manufacturing practices [3] with the standards that would be imposed if the plain-

---

1. The MDA contains an express preemption provision, stating:

"[N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
(1) which is different from, or in addition to, any requirements applicable under this chapter to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter."
21 U.S.C. § 360k(a).

2. 21 C.F.R. §§ 801.1, 801.15, and 801.109.

3. 21 C.F.R. §§ 820.1–820.198.

tiff were successful on her claims.[4] This analysis ignores the limitations on preemption imposed by the FDA regulations, which provide that "[s]tate or local requirements are preempted *only* when the Food and Drug Administration has established *specific* counterpart regulations or there are other *specific* requirements applicable to a particular device under the act." 21 C.F.R. § 808.1(b) (emphasis added).

The result of the analysis in *Mendes* preemption of *all* state product liability claims involving medical devices, because all medical devices are subject to the Act's general controls. I respectfully decline to adopt the reasoning of the First Circuit.

Accordingly IT IS ORDERED that:

(1) Howmedica's motion for reconsideration is granted;

(2) Upon reconsideration, Howmedica's motion for summary judgment again is denied.

---

**4.** Medical devices marketed pursuant to a § 510(k) notification of approval are subject to the Act's general controls.