Dorothy NEWKIRK, Plaintiff–Appellee,

v.

Donna E. SHALALA, Secretary of Health And Human Services, Defendant–Appellant.

No. 93–1421.

United States Court of Appeals, Sixth Circuit.

Argued March 21, 1994.

Decided May 31, 1994.

Candace Crowley, Jeffrey G. Nutt (argued & briefed), Wayne County Neighborhood Legal Services, Detroit, MI, for plaintiff-appellee.

Edward P. Studzinski (briefed), Gary A. Sultz (argued), Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, IL, Elizabeth Larin, Asst. U.S. Atty., Detroit, MI, for defendant-appellant.

Before: JONES, NELSON, and SUHRHEINRICH, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

This case arises from the decision of the Secretary of Health and Human Services, denying Dorothy Newkirk's disability benefits claim under Title XVI of the Social Security Act. The sole issue on appeal is whether the district court had either the discretionary authority or an obligation to remand the case back to the Secretary under 42 U.S.C. § 405(g).

This issue was recently resolved by another panel in *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171 (6th Cir. 1994). Because the lower court's holding in this case is inconsistent with *Faucher*, we reverse and remand.

**I.**

Plaintiff applied for Supplemental Security Income in February 1990, alleging disability since May 1975 due to seizures, nerves, and liver and kidney impairments. An Administrative Law Judge ("ALJ") found that Plaintiff was capable of performing sedentary, unskilled, low stress work, and denied her application for benefits. Plaintiff sought judicial review under § 405(g).

A magistrate judge found that the ALJ relied upon an inadequate hypothetical question posed to a vocational expert. This hypothetical failed to adequately account for Plaintiff's mental problems and drowsiness. *Newkirk v. Sullivan*, 811 F.Supp. 294, 297–300 (E.D.Mich.1993). It followed that the ALJ's denial of benefits was not based on substantial evidence and had to be reversed. *Id.* at 300. This determination is not challenged on appeal.

The magistrate proceeded to discuss whether the case should be remanded for further proceedings under § 405(g). He decided that a district court "should decline to exercise its post-adjudication discretion to remand for the purpose of allowing the Secretary to obtain additional evidence unless the Secretary can demonstrate good cause for why such evidence was not presented before." *Id.* at 301. In the absence of any such demonstration of good cause, the magistrate recommended that Plaintiff's motion for summary judgment be granted and that benefits be awarded. *Id.* at 302. Over the Secretary's objections, the district court adopted the magistrate's report without discussion. *Id.* at 295. This appeal followed.

**II.**

The same magistrate judge that wrote the report in the present case also wrote a similar report in *Faucher*. As in the present case, he found that the ALJ denied the plaintiff's disability claim based upon an inadequate hypothetical posed to a vocational expert. 17 F.3d at 172. The magistrate concluded that the denial of benefits was not based upon substantial evidence, and that the court lacked the authority under § 405(g) to remand for further factfinding without a demonstration of good cause. He recommended that Faucher must be awarded benefits. *Id.* at 173. In short, the magistrate judge recommended disposing of the present case and of *Faucher* on nearly identical grounds. The *Faucher* district court adopted the magistrate's report without discussion. *Id.*

As in the present case, the Secretary did not challenge on appeal the lower court's holding that the ALJ's denial was not based on substantial evidence. Rather, she argued only that the court could, and should, remand for further factfinding. *Id.* The *Faucher* court agreed with the Secretary. *Id.* There are two separate provisions of § 405(g) authorizing a district court to remand to the Secretary. The fourth sentence of the section allows a district court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without

318

remanding the cause for a rehearing." The sixth sentence of the section allows for a prejudgment remand to the Secretary for consideration of new evidence that, for good cause, was not previously presented in the record of the prior proceeding.

The *Faucher* court pointed out that the distinction between these two types of remand was confirmed and clarified in *Melkonyan v. Sullivan,* 501 U.S. 89, 97–103, 111 S.Ct. 2157, 2163–65, 115 L.Ed.2d 78 (1991), and *Sullivan v. Finkelstein,* 496 U.S. 617, 625–26, 110 S.Ct. 2658, 2663–64, 110 L.Ed.2d 563 (1990). *Faucher,* 17 F.3d at 174. Further, based upon the cases of *Shalala v. Schaefer,* — U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), when an ALJ's factual findings are not supported by substantial evidence, "the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." *Faucher,* 17 F.3d at 175. Only when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits" should a court reverse an ALJ's decision *and* immediately award benefits. *Id.* at 176. Finding that all of the essential facts had not yet been resolved, the court held that "the district court's award of benefits must be reversed and the case must be remanded to the Secretary pursuant to sentence four of 42 U.S.C. § 405(g)." *Id.*

In the present case, the magistrate judge repeated almost the same mistake he made in *Faucher.* In *Faucher,* he held that the district court had no power to remand the case to the Secretary in the absence of a showing of good cause justifying the agency's failure to present an adequate hypothetical to the ALJ. In the present case, the magistrate held that the district court "should decline" to remand the matter in the absence of good cause shown. 811 F.Supp. at 301. As we held in *Faucher,* however, the lower court not only had the discretionary authority under § 405(g) to remand without a showing of good cause, but it was also *obliged* to do so if all of the essential factual issues have not yet been resolved. Only if the record

adequately establishes Plaintiff's entitlement to benefits may the lower court reverse the ALJ's decision *and* immediately award benefits.

### III.

From the record in this case we are unable to determine whether, in the lower court's view, the factual issues have all been resolved, or whether further factfinding is needed. Therefore, we reverse the grant of summary judgment in Plaintiff's favor and remand this case to the district court for reconsideration in light of *Faucher.* If upon reconsideration, the district court determines that some factual issues still remain to be resolved, we instruct the court to remand the case to the Secretary for further factfinding.