**Ricky J. VANSINGEL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–2001.

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2002.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

RYAN, Circuit Judge.

The plaintiff, Ricky J. VanSingel, brought this appeal after the district court affirmed the Commissioner's findings that VanSingel was not disabled prior to the expiration of his insured status and, there- fore, not eligible to receive disability insurance benefits under Title II of the Social Security Act. VanSingel asked this court to

consider: (1) whether the ALJ's determination that his mental impairments were not disabling prior to the expiration of his insured status is supported by substantial evidence; (2) whether the ALJ erred when he determined that VanSingel's back condition was not severe; and (3) whether the ALJ improperly assumed the role of physician. We conclude that substantial evidence supports the ALJ's findings and that the ALJ did not improperly assume the role of physician. Therefore, we will affirm the judgment of the district court.

I.

■ Initially, we note that our review of a denial of disability insurance benefits is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner utilized the proper legal standards in reaching the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if we would have arrived at a different result. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983).

II.

■ After the denial of benefits, Van-Singel makes the following claims: (1) that the ALJ erred when he disregarded medical opinions of psychiatrists and psychologists suggesting that VanSingel had diagnosable and disabling mental disorders; (2) that his presentation at the hearing was a manifestation of his personality disorder and not, as the ALJ concluded, a blatant attempt to exaggerate symptomotology; (3) that in concluding that VanSingel's back impairment was not severe, the ALJ ignored evidence indicating that VanSingel was limited in the performance of basic work activities; and (4) that the ALJ im-

properly assumed the role of physician when he discounted the findings and conclusions of psychiatric examiners who concluded that VanSingel was mentally disabled.

We believe that substantial evidence supports the ALJ's determination that VanSingel was not mentally disabled, as defined under the Act, prior to the expiration of his insured status. To the extent that VanSingel's mental impairments imposed limitations, the ALJ reasonably evaluated the medical records when he found that VanSingel was able to perform simple, entry-level work that did not involve more than occasional contact with the general public, supervisors, and coworkers. VanSingel contends that the ALJ erred when he did not find the plaintiff's subjective allegations concerning his mental impairments entirely credible. However, because "the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir.1987). In light of VanSingel's inconsistent statements to treating physicians, allegations of unverified symptomotology, and evidence of the plaintiff's exaggeration, we decline to disturb the ALJ's determination that VanSingel was not entirely credible.

Similarly, we agree with the district court that substantial medical evidence supports the ALJ's conclusion that VanSingel's back impairment was not severe. As noted by the district court, however, regardless of whether VanSingel's back impairment is characterized as severe or non-severe, the ALJ's determination of residual functional capacity accurately reflects the plaintiff's limitations. Consequently, even if there were some error in the ALJ's determination that VanSingel's back condition was not severe, there would be no need to remand to the administrative agency for further consideration. *See Berryhill v. Shalala*, No. 92–5876, 1993 WL 361792, at *7 (6th Cir. Sept. 16, 1993) (unpublished disposition).

Finally, we find no merit in VanSingel's contention that the ALJ improperly assumed the role of physician. This is not a case of an ALJ rejecting uncontroverted medical opinions and substituting independent medical judgment in the absence of supporting evidence. The ALJ did not simply refuse to assign weight to medical conclusions, but, instead, weighed relevant, conflicting medical evidence when he determined that VanSingel retained a residual functional capacity to perform his past work. It is squarely within the province of the ALJ to weigh these factors.

### III.

For the foregoing reasons, we AFFIRM the district court's judgment affirming the Commissioner's findings.