Patricia **PECHATSKO**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

No. 1:01 CV 112.

United States District Court, N.D. Ohio, Eastern Division.

July 30, 2004.

———

Paulette F. Balin, Mentor, OH, for Plaintiff.

Michael A. Johnson, Cleveland, OH, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

BAUGHMAN, United States Magistrate Judge.

### I.

This matter comes before the Court on plaintiff Patricia Pechatsko's motion to amend or alter judgment.[1] The defendant Commissioner of Social Security has opposed that motion.[2] The parties have consented to the jurisdiction of the Magistrate Judge.[3]

The judgment placed at issue by Pechatsko's motion affirmed the denial of her application for disability insurance benefits.[4] In denying the application, the Commissioner adopted an administrative law judge's finding that Pechatsko had a resid-

ual functional capacity that permitted her to perform her past relevant work. The Court found that the administrative law judge's residual functional capacity finding did not have the support of substantial evidence in the administrative record. It, nevertheless, affirmed the no disability decision because Pechatsko conceded that substantial evidence existed in support of a residual functional capacity that permitted her to perform a substantial number of jobs in the local and national economies.

Pechatsko asks this Court to reconsider its decision on the ground that the Court erroneously adopted and applied a harmless error rule contrary to Supreme Court authority. The Court concludes, however, that Supreme Court precedent does not preclude a harmless error rule, and it properly applied that rule on the facts of this case. The Court must, therefore, deny Pechatsko's motion to amend or alter judgment.

### II.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, denied Pechatsko's application for disability insurance benefits at step four of the sequential evaluation process. He found that Pechatsko had a residual functional capacity that permitted her to perform her past relevant work.

On appeal, this Court agreed with Pechatsko that the ALJ's residual functional capacity finding did not have the support of substantial evidence in the administrative record. It, nevertheless, held this error harmless. The Court pointed out that the record contained a hypothetical question posed by the ALJ to the vocational expert incorporating a residual functional

---

1. ECF # 31.

2. ECF # 32.

3. ECF # 12.

4. ECF # s 29, 30.

capacity more restrictive than that adopted by the ALJ in his findings. In response to that hypothetical, the vocational expert identified a significant number of jobs available nationally and locally that Pechatsko could perform. Counsel for Pechatsko conceded that substantial evidence in the record supported the residual functional capacity set out in this alternative hypothetical. She did not challenge the vocational expert's response to that hypothetical question.

Reasoning that substantial evidence in the administrative record supported a no disability finding at step five of the sequential evaluation process, the Court affirmed the Commissioner's denial of the application. As counsel for the Commissioner accurately points out in the opposition to amend or alter judgment,[5] this affirmance is consistent with the harmless error rule approved by the Sixth Circuit panel in *Berryhill v. Shalala*.[6]

## III.

### A.

A motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e) calls upon the Court to reconsider its decision after the entry of final judgment.[7] The motion does not present the unhappy litigant with the opportunity to reargue the case.[8] The motion is not a substitute for appeal or a vehicle for the presentation of arguments omitted before judgment.[9]

Three major situations justify reconsideration of a final decision: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error in order to prevent manifest injustice." [10] The motion must demonstrate why the court should reconsider its decision and set forth strongly convincing facts or law that mandate reversal of the prior decision.[11]

### B.

Pechatsko moves to amend or alter the judgment to correct clear error or prevent manifest injustice allegedly caused by the Court's application of the harmless error rule recognized by the Sixth Circuit's decision in *Berryhill*.[12] She argues that such a rule flies in the face of the Supreme Court's decision in *S.E.C. v. Chenery Corp.*[13] She maintains that *Chenery* precludes a harmless error rule in a case of judicial review of agency action because, "... the reviewing court ... must judge the propriety of such (agency) actions solely by the grounds invoked by the agency." [14]

*Berryhill* involved an appeal from the Secretary of Health and Human Services's decision to reduce the amount of supplemental security income benefits. The United States Attorney, who represented the Secretary in the case, argued that the Secretary's decision was correct. He con-

---

5. ECF # 32 at 2.

6. *Berryhill v. Shalala*, 4 F.3d 993, 1993 WL 361792 (6th Cir.1993) (unpublished table decision).

7. *McDowell v. Dynamics Corp.*, 931 F.2d 380, 382 (6th Cir.1991).

8. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).

9. *Id.*

10. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959, 2004 WL 237651 (6th Cir.2004).

11. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo.1988).

12. *Berryhill*, 4 F.3d 993, 1993 WL 361792, at *7.

13. *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

14. *Id.* at 196, 67 S.Ct. 1575.

ceded, however, that the rationale given by the Secretary for the decision was not supported by substantial evidence. He, nevertheless, urged that other evidence in the record supported the Secretary's ultimate decision.

The Sixth Circuit expressly recognized the rule from *Chenery,* upon which Pechatsko relies.[15] The court went on to state, however, that the Secretary's decision could be upheld if the reason given by the Secretary constituted harmless error.[16] The *Berryhill* panel found persuasive the First Circuit's articulation of the harmless error rule in *Kurzon v. United States Postal Service.*[17]

> While agency decisions must be sustained, if at all, on their own reasoning, . . . this principle "does not mechanically compel reversal 'when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of [the] decision reached.'" Where a subsidiary finding is unfounded, the court will remand the case to the agency for further consideration only if "the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture. . . ."[18]

Despite *Berryhill's* clear articulation of a harmless error rule, Pechatsko argues that the Court should not apply such a rule in this case. As noted above, she urges that *Berryhill* is bad law because it flat out contradicts the directive of the Supreme Court in *Chenery* and its progeny. Further, she points out that *Berryhill* is an unpublished decision of the Sixth Circuit that does not constitute binding precedent on this Court.

Pechatsko's challenge calls upon the Court to address three questions.

(1) Do Supreme Court precedents foreclose a harmless error rule in review of agency action cases?

(2) If not, should this Court recognize such a harmless error rule in the absence of binding Sixth Circuit precedent?

(3) If so, does that rule support the Court's judgment on the record here?

### C.

Pechatsko relies on the Supreme Court's second opinion in *S.E.C. v. Chenery* issued in 1947.[19] The Court's first decision came four years earlier in 1943.[20] The *Chenery II* language cited by Pechatsko[21] is a summary of the law announced in *Chenery I.*

In *Chenery I,* the Court remanded the case to the SEC after finding that the agency's order could not be sustained on the principles of equity expressly relied on by the agency.[22] Although the attorneys for the SEC cited other possible considerations in support of the order, the Court refused to affirm based on such considerations.[23] The Court expressed grave concern that to do so would usurp judgment

---

**15.** *Berryhill,* 4 F.3d 993, 1993 WL 361792, at *6.

**16.** *Id.* 4 F.3d 993, 1993 WL 361792 at *7.

**17.** *Kurzon v. United States Postal Serv.,* 539 F.2d 788, 796 (1st Cir.1976).

**18.** *Berryhill,* 4 F.3d 993, 1993 WL 361792, at *7, quoting *Kurzon,* 539 F.2d at 796 (citations omitted).

**19.** *S.E.C. v. Chenery,* 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

**20.** *S.E.C. v. Chenery,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

**21.** *Chenery II,* 332 U.S. at 196–97, 67 S.Ct. 1575.

**22.** *Chenery I,* 318 U.S. at 88, 63 S.Ct. 454.

**23.** *Id.* at 92, 63 S.Ct. 454.

exclusively delegated to the agency by Congress.

In confining our review to a judgment upon the validity of the grounds upon which the Commission itself based its action, we do not disturb the settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct "although the lower court relied upon a wrong ground or gave a wrong reason." The reason for this rule is obvious. It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate. But it is also familiar appellate procedure that where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made, the appellate court cannot take the place of the jury. Like considerations govern review of administrative orders. If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.[24]

The courts should interpret and apply the *Chenery* rule consistent with the underlying concern that the Supreme Court addressed by adopting it. The rule is not a blanket prohibition against a court's affirming the ultimate decision of an agency based on a rationale other than that stated by the agency. Rather, the rule prohibits a court from making determinations exclusively reserved to an agency by Congress.

As succinctly summarized by the Court in *Chenery II*, the rule applies to "... a determination or judgment which an administrative agency *alone* is authorized to make."[25] The threshold inquiry, therefore, is whether the statutory scheme for judicial review reserves exclusively to the agency the decision that a court would need to make to affirm the agency's action on other grounds.

In the Social Security disability context, Congress has given the courts some latitude on judicial review. 42 U.S.C. § 405(g) expressly empowers the reviewing court "... to enter, upon the pleadings and the transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner ..." *with or without remanding for rehearing.*[26] Congress by this language clearly did not intend that all erroneous findings of the Commissioner should result in remands. Congress, therefore, did not make all decisions relating to disability determinations judgments that the agency alone is authorized to make.

The most obvious case in point involves a judicial decision to award disability benefits on the administrative record without remand. It is beyond dispute that where "... all essential factual issues have been resolved, and the record adequately establishes the plaintiff's entitlement to benefits ...,"[27] the court may award benefits without remand.[28] By doing so, the court takes the disability determination and the

24. *Id.* at 88, 63 S.Ct. 454 (citation omitted).

25. *Chenery II*, 332 U.S. at 196, 67 S.Ct. 1575 (emphasis added).

26. 42 U.S.C. § 405(g) (emphasis added).

27. *Newkirk v. Shalala,* 25 F.3d 316, 318 (6th Cir.1994).

28. *Id.*

benefits award decision away from the agency.

The harmless error rule as articulated in *Berryhill* does not violate the *Chenery* rule because, by virtue of 42 U.S.C. § 405(g), the determination at issue is not one that the "agency alone is authorized to make." [29] As the *Berryhill* court stated, the Court may make the call to modify the decision of the Commissioner without a remand only when there is not substantial doubt that the agency ". . . would have made the same alternate finding with the erroneous finding removed from the picture. . . ." [30] This would only occur under the same circumstances that warrant a reversal and award of benefits without a remand—an adequate record that provides the court with a basis to resolve all essential factual issues.[31]

In answer to the first question posed above, Supreme Court precedents do not foreclose *Berryhill's* harmless error rule.

### D.

In the alternative, Pechatsko urges the Court not to adopt a harmless error rule because the Sixth Circuit has no binding precedent establishing such a rule. *Berryhill*, the Sixth Circuit opinion articulating the harmless error rule in the Social Security disability context, is an unpublished opinion. The Sixth Circuit has cited *Berryhill* only once—in *VanSingel v. Commissioner of Social Security*,[32] another unpublished opinion. Unpublished opinions are not binding precedent in the Sixth Circuit.[33]

The Court agrees with Pechatsko that the Sixth Circuit should speak definitively regarding a harmless rule error for Social Security disability cases. In this judicial officer's experience, harmless error issues surface frequently in such cases.

Nevertheless, the lack of binding precedent does not present an obstacle to this Court's application of a harmless error rule. Although not binding precedent, the *Berryhill* decision does adequately set out the formulation of the harmless error rule and the justification therefor. This Court considers the harmless error rule useful under the limited circumstances defined by *Berryhill*. The proper application of that rule saves judicial and administrative resources and expedites the Social Security disability claims process consistent with the scope of judicial review provided for by 42 U.S.C. § 405(g).

▋ In answer to the second question posed above, this Court should and will recognize the harmless error rule even though the Sixth Circuit has not established such a rule by binding precedent.

### E.

In light of the foregoing, the Court will now reexamine the decision to apply the harmless error rule on the record in this case. The reviewing court should apply the harmless error rule with caution. After recognizing and articulating that rule, the court in *Berryhill* declined to apply it because of an incomplete fact record.[34] For a court to affirm on the ground of harmless error, two preconditions must exist:

**29.** *Chenery II*, 332 U.S. at 196, 67 S.Ct. 1575.

**30.** *Berryhill*, 4 F.3d 993, 1993 WL 361792, at *7.

**31.** *Newkirk*, 25 F.3d at 318.

**32.** *VanSingel v. Comm'r of Soc. Sec.*, 26 Fed. Appx. 488, 490, 2002 WL 44216 (6th Cir. 2002).

**33.** *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir.2002).

**34.** *Berryhill*, 4 F.3d 993, 1993 WL 361792, at *9.

(1) A fully developed record as to all factual issues essential to the decision,[35] and

(2) No substantial doubt that the agency would have made the same ultimate finding with the erroneous, subsidiary finding removed from the picture.[36]

█ Both of these preconditions exist here. The ALJ made a complete record in support of a determination at step five of the sequential evaluation process. He posed a hypothetical to the vocational expert that included a residual functional capacity that Pechatsko's counsel agrees has the support of substantial evidence. In response to that hypothetical, the vocational expert testified to a significant number of jobs available nationally and locally that Pechatsko could perform. Pechatsko does not challenge this testimony.

There is no doubt that the agency would reach a no disability decision with the erroneous step four finding removed from the case. The ALJ found Pechatsko not disabled at step four of the sequential evaluation process. A complete and uncontested record supports the same decision at step five. No reason exists to believe that the Commissioner would ignore this record on remand and find Pechatsko disabled at step five. The Court, therefore, properly affirmed the no disability decision.

### IV.

Based on the foregoing, Pechatsko's motion to amend or alter judgment is hereby denied.

IT IS SO ORDERED.

---

**35.** *Newkirk,* 25 F.3d at 318.

**36.** *Berryhill,* 4 F.3d 993, 1993 WL 3619792, at *7.