**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0231n.06
Filed: March 28, 2007

**No. 06-5452**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **VIVIAN L. WILLIAMS,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellant, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | **MEMORANDUM OPINION** |
| **c/o Jo Anne B. Barnhart, Commissioner of the** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| Defendant-Appellee. | | |

**BEFORE:** **NORRIS, GILMAN, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** Plaintiff-appellant Vivian L. Williams, being now 58 years of age, applied in 1999 for disability and supplemental security income benefits based on impairments resulting from, among other conditions, mental retardation and a May 1998 heart attack. The Commissioner of Social Security concluded that, despite her severe impairments, Ms. Williams was not disabled because she retained the ability to perform a significant range of light work. On petition for review, the district court, in a judgment issued on January 20, 2006, upheld the Commissioner's decision, finding it to be supported by substantial evidence. On appeal, Ms. Williams insists the Commissioner's decision must be reversed because it is contrary to the evidence and marked by clear legal error.

Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in upholding the Commissioner's decision. Because we conclude that the reasoning which supports award of judgment to the Commissioner has been comprehensively and correctly articulated by the district court, issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. One claim only merits particular mention.

The district court recognized that the Administrative Law Judge ("ALJ"), whose analysis of the evidence the Commissioner adopted, cited the wrong standard in the body of his decision, i.e., the wrong subsection in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The district court carefully considered this error and concluded that the mistaken reference to § 12.05D, instead of § 12.05C, did not in any way undermine the substance of the analysis or the conclusions reached by the ALJ. Appellant contends the district court's attempt to legitimize the ALJ's error is an illegitimate *post hoc* rationalization, contrary to the rule of *S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947), that a reviewing court, in assessing the decision of an administrative agency, must judge its propriety solely by the grounds invoked by the agency.

Consistent with *Chenery*, the district court evaluated the actual grounds invoked by the ALJ and found them to be supported by substantial evidence, despite the technically erroneous reference included in the ALJ's decision. The district court's reasoning is also fully consistent with this Circuit's precedents. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. 2005) (holding that if decision is supported by substantial evidence, any need to consider *post hoc* rationalization objection is obviated); *Berryhill v. Shalala*, No. 92-5876, 1993 WL 361792, at *7 (6th

Cir. Sept. 13, 1993) (unpublished) (holding that although an agency decision must be sustained, if at all, on its own reasoning, this principle does not mechanically compel reversal when a mistake was made that clearly had no bearing on the procedure used or the substance of the decision reached); *VanSingel v. Comm'r of Soc. Sec.*, 26 F. App'x 488, 490 (6th Cir. 2002) (same). Thus, the district court's judgment does not run afoul of the rule against *post hoc* rationalizations.

Accordingly, we find no error in the district court's conclusion that the Commissioner's decision is supported by substantial evidence. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (observing that the Commissioner's factfinding, if supported by substantial evidence, must be upheld even if there is substantial evidence that could support an opposite conclusion). The judgment of the district court is, upon the reasoning employed in its opinion dated January 20, 2006, hereby **AFFIRMED.**