SIERRA CLUB, Plaintiff,

v.

CHEMICAL HANDLING CORP., Defendant.

Civ. A. No. 91–C–1074.

United States District Court, D. Colorado.

Feb. 17, 1993.

See also 778 F.Supp. 25.

Joshua Epel, Denver, CO.

Adam Babich, Denver, CO.

William Nelsch, Denver, CO.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

■ Plaintiff Sierra Club commenced this action against the defendant Chemical Handling Corporation seeking injunctive and declaratory relief as well as civil penalties under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901 *et seq.* Plaintiff alleges that the defendant stored hazardous waste at its Broomfield, Colorado facility without a permit or interim status in violation of 42 U.S.C. § 6925(a). In a prior order Chemical Handling was granted summary judgment on the Sierra Club's first and second claims on the grounds that those claims have been superseded by Colorado law. *Sierra Club v. Chemical Handling Corp.*, 91–C–1074, Memorandum Opinion and Order at 10 (April 8, 1992).[1]

Sierra Club has filed: (1) a motion to amend its complaint to allege violations of the Colorado hazardous waste program, Colo. Rev.Stat. § 25–15–308(1)(b) and 6 C.C.R. 1007–3, Part 100; and (2) a motion for reconsideration or, in the alternative, summary judgment on the amended complaint. Chemical Handling has not responded to either motion. The State of Colorado has filed an *amicus curiae* brief which has been considered by the court.

The issues have been fully briefed and oral argument would not assist decision. Jurisdiction is alleged to exist under 42 U.S.C. § 6972(a)(1)(A), 28 U.S.C. § 2201 and 28 U.S.C. § 1331.

---

1. Plaintiff has moved for reconsideration of that decision. Reconsideration may be justified when there is a need to correct clear error or prevent manifest injustice. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo.1988). Although the preemption issue presents a difficult question, I am not convinced that my prior decision was in error. *See also Dague v. City of Burlington*, 935 F.2d

1343, 1352–53 (2d Cir.1991); *Lutz v. Chromatex, Inc.*, 718 F.Supp. 413, 425 1352–53 (2d Cir. 1989); *Lutz v. Chromatex, Inc.*, 718 F.Supp. 413, 425 (M.D.Pa.1989) (*Lutz I*). As a result, the plaintiff's motion for reconsideration of that portion of the April 8, 1992, Memorandum Opinion and Order will be denied.

*Motion to Amend Complaint.*

Plaintiff has filed a motion to amend its complaint pursuant to Fed.R.Civ.P. 15. In its amended complaint, the Sierra Club alleges that the defendant has violated the Colorado Hazardous Waste Management Act, Colo.Rev.Stat. § 25–15–308(1)(b), and 6 C.C.R. 1007–3 Part 100, by storing hazardous waste without a permit or interim status.

■ Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Here, although the amendment is outside the deadline set for amending pleadings, it will not prejudice the defendant. Defendant has had notice of the nature of the plaintiff's claims since the filing of the complaint.

■ Neither the Colorado Hazardous Waste Management Act, nor the regulations adopted pursuant to that Act, contain a citizen suit provision. As a result, the most serious question regarding the amended complaint is whether RCRA's citizen suit provision may be used to enforce statutes and regulations promulgated under a state's authorized hazardous waste program.[2]

Section 6972(a)(1)(A), 42 U.S.C., provides that "any person may commence a civil action on his own behalf ... against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, or order which *has become effective pursuant to this Act.*" (Emphasis added). The question then is whether Colorado's hazardous waste program became effective pursuant to RCRA.

RCRA directs the EPA to authorize states to administer hazardous waste regulatory programs that are "equivalent to" and "consistent with" the federal program and to carry out their programs "in lieu" of the federal program. 42 U.S.C. § 6926(b). States are authorized to issue and enforce permits for the storage, treatment or disposal of hazardous waste. *Id.*

Colorado has promulgated regulations, pursuant to the Hazardous Waste Manage-

ment Act, Colo.Rev.Stat. §§ 25–15–301 *et seq.*, that specifically provide for the issuance of permits and prescribe the process for obtaining interim status for the storage of hazardous waste; activities that are the basis of the Sierra Club's first two claims. 6 C.C.R. 1007–3 Part 100. The EPA has authorized Colorado to administer its hazardous waste program "in lieu" of the federal program. 49 Fed.Reg. 41036 (Oct. 19, 1984). *See also,* 54 Fed.Reg. 20847 (May 15, 1989); 56 Fed.Reg. 21601 (May 10, 1991).

I conclude that because Colorado's hazardous waste program was authorized by RCRA, it also became "effective" pursuant to RCRA, and therefore the citizen suit provision of section 6972(a)(1)(A) applies. *Lutz v. Chromatex, Inc.,* 725 F.Supp. 258, 261 (M.D.Pa.1989) (*Lutz II* ); *but see, Dague v. City of Burlington,* 935 F.2d 1343 (2d Cir. 1991).

■ The Environmental Protection Agency (EPA) has adopted this interpretation of RCRA. In granting interim and then final authorization to Texas' hazardous waste program the EPA stated, in response to concerns regarding an absence of a citizen suit provision, that a RCRA citizen suit may be brought under section 6972 after a state has received authorization to operate its program in lieu of the federal program. *Lutz,* 725 F.Supp. at 261–62; 45 Fed.Reg. 85016 (Dec. 24, 1980); 49 Fed.Reg. 48300 (Dec. 12, 1984). Courts generally show great deference to interpretations of applicable statutes and regulations by the agency charged with the administration of a particular program as long as the agency's interpretation is reasonable and consistent with the statute. *See, e.g. Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

This interpretation is further supported by the important role that citizens' suits can play in the enforcement of RCRA. The EPA must classify cases in order to maximize its scarce enforcement resources. There are some violations that, by necessity, may not

---

2. In its prior order this court expressed no opinion whether the plaintiff could proceed under the citizen suit provision of RCRA by substituting violations of the state provisions for the corresponding superseded federal statute. *Sierra Club,* 91–C–1074, Memorandum Opinion and Order at 10 n. 5.

be pursued aggressively. However, a RCRPA violation is only "small" to one who does not live near the offending hazardous waste facility. Indeed, the instant action is a testament to Congress' wisdom in recognizing that those who live in close proximity to hazardous waste facilities often are the most diligent enforcers of RCRA's mandates.

Under the plain language of RCRA, as supported by the EPA's interpretation and the important role citizen suits play in RCRA enforcement, Colorado's hazardous waste program was authorized and became effective pursuant to RCRA. As a result, a citizen suit pursuant to Section 7002 is proper. Therefore, I conclude that the plaintiff's motion to amend its complaint should be granted. Defendant shall file an answer to the amended complaint, and a response to the motion for summary judgment, within twenty days.

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion to file an amended complaint is granted;

(2) Plaintiff's motion to reconsider is denied; and

(3) Defendant shall file an answer to the amended complaint and a response to the motion for summary judgment within twenty days after this order's date.