NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1288

AGRO DUTCH INDUSTRIES LIMITED,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

COALITION FOR FAIR PRESERVED
MUSHROOM TRADE,

Defendant

_____

DECIDED:  February 10, 2006

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

I

This case arises from an antidumping duty order imposed on the importation of preserved mushrooms from India.  On July 12, 2002, the Department of Commerce published the final results of the second administrative review of that antidumping order, covering the period February 1, 2000, through January 31, 2001.  Shortly after issuance

of the final results, the Customs Service liquidated many of the shipments that had entered the United States during the period of review.

Agro Dutch timely filed a complaint in the Court of International Trade challenging the final results of the second administrative review. In connection with its complaint, Agro Dutch sought and obtained a preliminary injunction to enjoin the further liquidation of entries that were subject to the administrative review. By the time the preliminary injunction became effective, many, but not all, of the entries that were subject to the appeal had been liquidated.

In its motion for judgment on the administrative record in January 2003, Agro Dutch informed the court that almost all of the entries that were subject to the second administrative review had been liquidated. By late 2004, the court had taken no action on Agro Dutch's motion. In November 2004, counsel for Agro Dutch submitted a notice of supplemental authority calling the court's attention to two recently decided cases. Those cases were potentially relevant to Agro Dutch's motion because they addressed whether the government could lawfully issue liquidation instructions before the expiration of the period for filing a complaint in the Court of International Trade challenging the antidumping duty order in question.

The court responded on December 1, 2004, with a letter containing a request of counsel. The letter read as follows: "In anticipation of issuance of a decision on plaintiff's motion for judgment in the above matter, and with regard to your letter to the Court dated November 23, 2004, please advise at your earliest convenience which, if any, implicated, specific entries of subject merchandise remain unliquidated at this time." During December 2004, counsel for Agro Dutch undertook to prepare a response

to the court's request, a process that involved contacting a number of importers of Agro Dutch's merchandise.

On January 5, 2005, the government filed a motion for leave to file a response to Agro Dutch's November 2004 notice of supplemental authority. Two days later, without ruling on the government's motion, the court issued an order denying Agro Dutch's motion for judgment on the administrative record and dismissing the action. In its order, the court stated that because Agro Dutch had not yet responded to the court's December 1 letter, the court was "now constrained to conclude that there are [no unliquidated shipments]" subject to the challenged final results. In the absence of any such unliquidated shipments, the court held that it lacked jurisdiction to consider Agro Dutch's challenge to the final results.

Agro Dutch promptly filed a motion for reconsideration, in which it explained that there were in fact a number of unliquidated entries. Agro Dutch explained that it was still endeavoring to obtain an accurate count of the number and identity of the unliquidated entries when the court entered its January 7, 2005, order. The government responded to Agro Dutch's motion for reconsideration stating that it agreed with Agro Dutch that unliquidated entries remained from the period of review and that Agro Dutch's motion for judgment on the administrative record was therefore not moot. Nonetheless, the trial court denied the motion for reconsideration. The court stated that its December 1 request "did not contemplate lack of a response by or from [Agro Dutch] until their filing of yet another motion on the twelfth of January of this new year." Furthermore, the court noted that the standard for granting a motion for reconsideration is whether there has been a miscarriage of justice. The court stated that at the time it

received counsel's letter regarding the new decisions, it was "poised to opine that none of [Agro Dutch's challenges] warrant any judicial relief." After briefly summarizing its views as to the merits of Agro Dutch's challenge, the court ruled that in light of the fact that it was prepared to rule against Agro Dutch on the merits at the time the jurisdictional issue arose, its judgment of dismissal on jurisdictional grounds did not entail a miscarriage of justice. Agro Dutch then took this appeal.

II

Agro Dutch argues that it was improper for the trial court to dismiss the action for want of jurisdiction when both parties represented that, contrary to the court's assumption, there were still unliquidated entries that were subject to the second administrative review. Moreover, Agro Dutch contends that the court's order was not justified by Agro Dutch's delay in responding to the court's December 1 letter or by the court's statement that it was preparing to rule against Agro Dutch on the merits at the time the jurisdictional issue arose.

The government does not defend the court's dismissal order on the ground on which it was issued—that the court lacked jurisdiction because of the absence of unliquidated shipments covered by the second administrative review. Nor does the government defend the court's order on the ground that Agro Dutch delayed too long in responding to the court's December 1 letter. Instead, the government defends the court's dismissal on the ground that the court's reconsideration order, in effect, addressed the substance of Agro Dutch's challenge to the final results and rejected each of Agro Dutch's arguments on the merits. The government argues that the court was correct to reject Agro Dutch's arguments and that because Agro Dutch has not

addressed the merits in its brief to this court, it has forfeited its opportunity to address those issues on appeal. Accordingly, the government argues, the appeal should be dismissed.

We reject the government's argument and reverse the dismissal order. Several points are clear. First, the parties agree that there are some affected entries that have not been liquidated (and there is no evidence to the contrary), so the jurisdictional ground on which the trial court initially dismissed the action cannot stand. Second, in its December 1 letter the trial court did not impose a deadline on Agro Dutch's submission of information regarding the number and identity of unliquidated entries. Furthermore, Agro Dutch made an uncontroverted representation that during the month-long period between its receipt of the court's letter and the court's dismissal order, it was diligently endeavoring to obtain the requested information, a process that required consultation with a number of importers, including some small entities from which it was difficult to obtain information. Third, the court did not dispose of the complaint on the merits, but only indicated that it had been prepared to do so and then commented briefly on each of the merits issues raised by Agro Dutch.

In light of the fact that the trial court's dismissal order rests on a jurisdictional ground that is unsupportable, we are required to reverse the dismissal order.[1] While the

---

[1] Because Agro Dutch's motion for reconsideration was filed within 30 days of the court's January 7, 2005, order, we treat the motion as one to alter or amend the judgment under Rule 59(e) of the Rules of the Court of International Trade, rather than as a motion for relief from the judgment under Rule 60(b). 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[7] (3d ed. 2005) (discussing Federal Rules of Civil Procedure 59(e) and 60(b), which are identical to Court of International Trade Rules 59(e) and 60(b) in all relevant respects except that the Federal Rules allow ten days for filing a Rule 59(e) motion rather than 30 days). We note the distinction because it

trial court has indicated how it is likely to decide this case when it reaches the merits, the court has not formally so ruled. We do not think it would be appropriate for us to reach the merits based on the court's brief remarks, near the conclusion of its order denying reconsideration of its jurisdictional dismissal, about how it was prepared to assess the merits if it had concluded that it had jurisdiction in the case. Much less do we think it would be appropriate, as the government urges, for us to treat Agro Dutch's failure to brief the merits of the underlying case as constituting a waiver of its right to appellate review in this case. The trial court's discussion of the merits was not an alternative ground for decision in this case, and it was reasonable for Agro Dutch not to treat it in that manner, and thus not to present a full argument on the merits to this court. While we recognize that treating the court's judgment as a disposition on the merits would save the time and expense that would result from a remand, we think it would be procedurally irregular for us to leapfrog the trial court's jurisdictional dismissal and go directly to the merits of the underlying dispute. Accordingly, we <u>reverse</u> the trial court's order and <u>remand</u> this case to the trial court for further proceedings.

Agro Dutch requests that we remand this case to a different judge on the ground that the trial judge's reconsideration order demonstrates that he has prejudged the case. However, a prior ruling based on legitimate judicial exposure to a case almost never forms the basis for disqualifying a judge for bias. See <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994); <u>Charron v. United States</u>, 200 F.3d 785, 789 (Fed. Cir. 1999).

affects the scope of our review. Our review of a denial of a Rule 59(e) motion addresses the underlying judgment (in this case, the trial court's dismissal for lack of jurisdiction), whereas our review of a denial of a Rule 60(b) motion does not address the underlying judgment directly, but instead focuses on whether the trial judge abused his discretion by denying relief from a judgment that has become final. <u>Id.</u> at § 59.53[1].

There is nothing exceptional about the trial judge's previous rulings or any of the other circumstances that would take this case outside of that general rule. Therefore, we <u>deny</u> the appellant's request that this case be remanded to a different judge.