Slip Op. 07-14

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TARGET STORES, DIV. OF <br> TARGET CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> :     Before:     WALLACH, Judge <br> :     Court No.:    03-00932 <br> : <br> : <br> : <br> : <br> : |

[Defendant's Motion for Rehearing, Modification, and/or Reconsideration is DENIED.]

Dated: January 26, 2007

Neville Peterson, LLP, (Margaret R. Polito), for Plaintiff Target Stores, Div. of Target Corporation.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office (Marcella Powell); and Beth Brotman, U.S. Customs and Border Protection, International Trade Litigation, Office of Assistant Chief Counsel, of Counsel, for Defendant United States.

**OPINION**

**Wallach, Judge:**

**I**
**Introduction**

Defendant United States moves for reconsideration of this court's Amended Order in

Target Stores, Div. of Target Corp. v. United States, Court No. 03-00932 (CIT August 28, 2006)

("Order"), denying both Plaintiff's Motion for Summary Judgment and Defendant's Cross-

Motion for Summary Judgment, and directing the parties to prepare for a trial on the merits.

Defendant requests that the court grant its Motion for Rehearing, Modification, and/or Reconsideration ("Defendant's Motion") and its Cross-Motion for Summary Judgment ("Cross-Motion"), thereby sustaining U.S. Customs and Border Protection's ("Customs") decision to use the price paid by the importer, and the assessment of duty thereunder, as the appraisement value of the subject merchandise. The court denies Defendant's request for reconsideration because the Government has not raised any new matters in its Motion, and this case cannot be decided on a burden of proof argument because there is a genuine issue of material fact for trial. Accordingly, the court directs the parties to prepare for trial on the merits.

**II**
**Background**

In 2006, the parties submitted cross-motions for summary judgment to the court concerning the proper appraisement value of shoes imported by Target Stores, Div. of Target Corporation ("Target") into the United States. Upon importation, Customs valued the subject merchandise based on the price the importer, Target, paid to the middleman, Kenth, Ltd. ("Kenth"), the wholly owned subsidiary of Kenneth Cole Productions, Inc. ("Kenneth Cole"). In its Motion for Summary Judgment, Plaintiff contested Customs' decision to use this price as the transaction value for the basis of appraisement, arguing that the proper transaction value was the price paid by Kenth from the First Seller (an unrelated Taiwanese company) because that transaction constituted a bona fide sale for export to the United States, pursuant to 19 U.S.C. § 1401a(b)(1)[1] and Nissho Iwai American Corp. v. United States, 982 F.2d 505 (Fed. Cir. 1992).

_____

[1] The statute that governs the valuation of imported merchandise for purposes of appraisal by Customs is 19 U.S.C. § 1401a.

2

The court issued an Amended Order on August 28, 2006, denying both parties' motions and directing them to prepare for trial on the merits. Thereafter, Defendant filed its motion for reconsideration of the court's Order, essentially arguing that because Plaintiff failed to satisfy its burden of proof, summary judgment in Defendant's favor is proper.

## III
## Standard of Review

USCIT R. 59(a)(2) permits a rehearing for any of the reasons for which rehearings have been granted in suits in equity in United States courts. In deciding whether to grant or deny a motion for rehearing, the court may use its discretion. Xerox Corp. v. United States, 20 CIT 823, 823 (1996). The purpose of a rehearing is not relitigate the merits of the case. Intercargo Ins. Co. v. United States, 20 CIT 951, 952, 936 F. Supp. 1049 (1996). A court will grant a rehearing only in limited circumstances, including 1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case. Kerr-McGee Chem. Corp. v. United States, 14 CIT 582, 583 (1990).

## IV
## Defendant's Arguments in its Motion for Reconsideration

Defendant argues that reconsideration is necessary to correct clear error in the court's prior Amended Order. Defendant's Motion at 2 (citing Sierra Club v. Chem. Handling Corp., 824 F. Supp. 195, 196 (D.Colo. 1993)). Specifically, Defendant claims that the court's Order incorrectly found the Government had a burden of proof. Defendant's Motion at 2. Defendant cites to a heading in the court's Order as support for its argument that judgment for the

Government is proper, referencing the heading entitled "Neither Plaintiff nor Defendant Has

Adequately Borne the Burden of Proof to Warrant Granting Its Respective Motion for Summary

Judgment." Defendant's Motion at 9. However, as this court previously stated in <u>NSK Ltd. v.

United States</u>, Slip Op. 06-157 n. 1, 2006 Ct. Int'l Trade LEXIS 164 (CIT October 23, 2006), a

section heading within a court order is not authority of any sort. Specifically,

> [N]o heading within an opinion may be interpreted in a vacuum. Dicta are
> '[w]ords of an opinion entirely unnecessary for the decision of the case.' Black's
> Law Dictionary 1072 (6th ed. 1990) . . . . [T]he headings demarcating separate
> sections within an opinion are dicta and not binding under the doctrine of <u>stare
> decisis</u>. Dictum is not part of the holding of a decision, and is not binding on
> courts that are obligated to follow the precedent decision. <u>See</u> e.g., <u>Dow Jones &
> Co. Inc. v. Department of Justice</u>, 908 F.2d 1006, 1011 n.4 (D.C. Cir. 1990)
> (dictum is not binding); <u>Cf.</u> <u>Bhd. of R.R. Trainmen v. Balt. & O.R. Co. et al.</u>, 331
> U.S. 519, 528-29, 67 S. Ct. 1387, 91 L. Ed. 1646 (1947) ('[h]eadings and titles are
> not meant to take the place of the detailed provisions of the text . . . the title of a
> statute and the heading of a section cannot limit the plain meaning of the text.').
> '[This is] a maxim not to be disregarded, that general expressions, in every
> opinion, are to be taken in connection with the case in which those expressions are
> used.' <u>Cohens v. Virginia</u>, 19 U.S. (6 Wheat.) 264, 399-400, 5 L. Ed. 257 (1821).

<u>NSK Ltd. v. United States</u>, Slip Op. 06-157, 2006 Ct. Int'l Trade LEXIS 164, *10, n.1.

Similarly, the court has made no findings in its headings here and the substance of the Order

must be read to learn its meaning.

Defendant further argues that it demonstrated in its Cross-Motion for Summary Judgment

that Target alone had the burden of proof to show that its "alternative valuation theory" was

correct because the Government may "simply . . . rely on [its] presumption of correctness."

Defendant's Motion at 3. Customs' valuation of the subject merchandise must be affirmed as a

matter of law, Defendant insists, because Target failed to carry its burden since it has not

submitted documentation concerning transactions between the manufacturer and the First Seller,

as well as information regarding formation of a contract between Kenth and the First Seller. Id. at 3. Therefore, the Government alleges that the only dispute is the "legal issue" as to whether Target's evidence is sufficient. Id. at 4.

Defendant also argues that language in the court's Order stating that "a factual dispute [exists] as to the basis for Customs' valuation for Target's imported footwear" reflects material errors because 1) of the presumption of correctness afforded Customs, 2) the Government bears no burden of proof in this action, 3) there are no disputed factual issues, 4) the parties' disagreement about the legal sufficiency of Target's evidence does not create a factual dispute, and 5) the basis for Customs' valuation of Target's goods has never been at issue.[2] Id. In its reconsideration motion, the Government cites Saab Cars USA, Inc. v. United States, 434 F.3d 1359 (Fed. Cir. 2006) and Celotex Corp v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), at length in support of its argument that the Government's decisions are presumed correct, which places the burden of proof on the moving party.

Plaintiff counters that Defendant does not enjoy any presumption of correctness because the dispute is legal, or in the alternative, such a presumption has been rebutted by the evidence it has presented. Plaintiff's Response in Opposition to Defendant's Motion for Rehearing ("Plaintiff's Response") at 1-2. Plaintiff further states that it is ready for trial. Id. Plaintiff also argues that contrary to Defendant's contention, Plaintiff need not prove Customs' valuation is not viable. Id. at 5.

---

[2] The court acknowledges its typographical error on page 1 of its Amended Order, in which it summarized Customs' position, but incorrectly labeled it as Target's argument.

The Government's burden of proof argument alone does not entitle it to judgment as a matter of law. Defendant's interpretation of Saab is correct that when a moving party's evidentiary showing fails to meet the preponderance of the evidence standard, the non-moving party is not required to submit opposing evidence. Saab, 434 F.3d at 1369. However, in its Order, this court did not conclude that Plaintiff's evidentiary showing was inadequate to demonstrate that it should prevail as a matter of law. Rather, the court directed the parties to prepare for trial, as it does again now, to resolve the material issue of fact regarding whether Plaintiff can establish by a preponderance of the evidence that its proffered transaction value is correct. And while Defendant alleges that Plaintiff must submit "purchase orders, contracts, or other written communication," Memorandum in Support of Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment at 3, to demonstrate its proffered appraisement value is correct, Plaintiff accurately points out that "Customs' statutes and regulations do not require an importer to prove its case by submitting specific documentation." Plaintiff's Response at 4 (quoting Merck, Sharp & Dohme Int'l v. United States, 20 CIT 137, 139, 915 F. Supp. 405 (1996)).

The Supreme Court in Celotex also explained that Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), should not be construed to impose an additional burden on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, or to negate the non-moving party's claim. Celotex, 477 U.S. at 323. In addition, the Supreme Court discussed, as Defendant cites in its Motion for Reconsideration, that one of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses. Id. 477 U.S. at 327. However, when there is a genuine

6

issue of material fact, summary judgment is improper. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Further,

> [it] is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

<u>Id.</u> at 250 (quoting <u>First National Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968).

Further, Defendant's argument concerning the presumption of correctness accorded to Customs is incorrect. According to clear Federal Circuit precedent, no presumption exists when there is a legal issue; the presumption exists only when there is a factual issue. The proper appraisement value, or transaction value which must be used pursuant to the statute is a legal issue, as determined by § 1401a(b)(1), <u>Nissho Iwai</u>, and <u>E.C. McAfee Co. v. United States</u>, 842 F.2d 314 (Fed. Cir. 1988). <u>The factual issue, which still must be addressed at a trial, is whether Plaintiff's evidence supports its contention that the price between the First Seller and Kenth is the proper transaction value under the statute.</u> The Federal Circuit has illuminated this area of the law in a few cases directly on point. In <u>Nissho Iwai</u>, the Federal Circuit held that in a three-tiered transaction in which both the manufacturer's price and the middleman's price <u>may</u> serve as the basis for transaction value, only one price is legally proper. <u>Nissho Iwai</u>, 982 F.2d at 510; <u>see</u> <u>McAfee</u>, 842 F.2d 314; <u>see</u> § 1401a(b)(1). The court based its decision on the Federal Circuit's decision concerning a similar situation in <u>McAfee</u>, stating, "[t]hat case is not only applicable here, it is dispositive." <u>Nissho Iwai</u>, 982 F.2d at 511. Accordingly, it is the duty of this court to find the correct result by making the necessary findings of fact at a trial. <u>Jarvis Clark Co. v.</u>

7

<u>United States</u>, 733 F.2d 873, 878 (Fed. Cir. 1984).

The purpose of a petition for rehearing under the Rules is:

to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result.

<u>Agro Dutch Industries Limited v. United States</u>, Slip Op. 05-28, 2005 Ct. Int'l Trade LEXIS 30, *3 (CIT February 28, 2005), <u>rev'd on other grounds</u>, 2006 U.S. App. LEXIS 3552 (Fed. Cir. February 10, 2006). In its Motion, the Government has not raised any new matters. The matters having been considered before by the court, and pursuant to authority, Defendant's Motion is denied on these grounds.

**V**
**Conclusion**

Defendant's Motion for Reconsideration is denied because there is a genuine issue of fact for trial. The parties are hereby directed to prepare for trial on the merits.

_/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Dated: January 26, 2007
New York, New York

8