**Slip Op. 09-94**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| | : | |
| MAY FOOD MANUFACTURING | : | |
| doing business as | : | |
| MRS. MAY'S NATURALS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: Jane A. Restani, Chief Judge |
| | : | |
| UNITED STATES, | : | Court No. 06-00329 |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION

[Plaintiff's motion for reconsideration and to amend judgment denied.]

Dated: September 1, 2009

Peter S. Herrick, P.A. (Peter S. Herrick) for the plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Jason M. Kenner, Gardner B. Miller, and Mikki Cottet); Beth Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for the defendant.

Restani, Chief Judge: Plaintiff May Food Manufacturing doing business as Mrs. May's Naturals ("Mrs. May's") moves for reconsideration of, and to amend the judgment in, the court's decision in May Food Manufacturing v. United States, 616 F. Supp. 2d 1349 (CIT 2009), pursuant to USCIT Rule 59(a) and (e). In that decision, the court granted defendant the United States's motion for summary judgment, concluding that the United States Bureau of Customs and Border Protection properly classified Almond Crunch, a snack called almond brittle

consisting of almonds, rice malt, sugar, as prepared almonds under subheading 2008.19.40 of the Harmonized Tariff Schedule of the United States ("HTSUS"), and denied a cross-motion for summary judgment based on the claim by Mrs. May's that Almond Crunch was an article returned to the United States after being exported for alterations under subheading 9802.00.50, HTSUS. Id. Mrs. May's now asks to court to determine that the correct classification of Almond Crunch is subheading 0802.12.00, HTSUS. (Pl.'s Mem. of Law in Supp. of Mot. for Recons. ("Pl.'s Recons. Br.") 3–7.)

A motion for reconsideration will be granted "only in limited circumstances," such as for "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." Target Stores v. United States, 471 F. Supp. 2d 1344, 1347 (CIT 2007). The grant or denial of a motion for reconsideration is within the discretion of the court. Id. A motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case." Totes-Isotoner Corp. v. United States, 580 F. Supp. 2d 1371, 1374 (CIT 2008) (internal quotation marks and citation omitted).

Mrs. May's asserts that "it was so focused on the issue of whether or not an alteration took place in China that it made an unavoidable mistake in considering an alternative classification for the Almond Crunch." (Pl.'s Recons. Br. 3.) This assertion suggests that Mrs. May's did not raise the claim for one of two reasons: either Mrs. May's did not research all HTSUS provisions relating to almonds before filing its complaint or summary judgment briefs, or Mrs. May's strategically chose not to pursue an alternative argument that Almond Crunch is

classifiable under heading 0802.  Neither reason is a proper ground for reconsideration.  See

United States v. Matthews, 580 F. Supp. 2d 1347, 1349 (CIT 2008) ("[A]rguments raised for the

first time on rehearing are not properly before the court for consideration when prior opportunity

existed . . . for the moving party to have adequately made its position known.") (internal

quotation marks and citation omitted).

Mrs. May's next argues that the court erred in failing to determine the correct

classification of Almond Crunch.  (Pl.'s Recons. Br. 3–7.)  This argument lacks merit, as the

court concluded that heading 2008, HTSUS, which applies to "nuts, . . . otherwise prepared or

preserved, whether or not containing added sugar or other sweetening matter . . . not elsewhere

specified or included," "is the only tariff provision that describes the nature of Almond

Crunch."[1]  May Food, 616 F. Supp. 2d at 1351–52 (emphasis added).  The court did not suggest

that heading 0802, HTSUS, which applies to "nuts, fresh or dried, whether or not shelled or

peeled," could apply to the imported product Almond Crunch.[2]  Heading 2008 accurately

---

[1] The relevant portion of Chapter 20 of the HTSUS reads:

| 2008 | Fruit, nuts and other edible parts of plants, otherwise prepared or preserved, whether or not containing added sugar or other sweetening matter or spirit, not elsewhere specified or included: |
| | Nuts, peanuts (ground-nuts) and other seeds, whether or not mixed together: |
| | . . . . |
| 2008.19 | Other, including mixtures: |
| | . . . . |
| 2008.19.40 | Almonds . . . . |

[2] The relevant portion of Chapter 8 of the HTSUS reads:

| 0802 | Other nuts, fresh or dried, whether or not shelled or peeled: |

(continued...)

describes Almond Crunch, and heading 0802 does not.  Further, the Explanatory Notes state that Chapter 8 applies to nuts that are at most provisionally preserved or contain small quantities of sugar and excludes nuts that are otherwise prepared or preserved, which are classifiable under Chapter 20.  The court therefore correctly concluded that subheading 2008.19.40, HTSUS, is the proper classification for Almond Crunch.

For the foregoing reasons, the plaintiff's motion for reconsideration and to amend the judgment is denied.

                                            /s/ Jane A. Restani
                                                Jane A. Restani
                                                Chief Judge

Dated this 1st day of September, 2009.
New York, New York.

---

[2](...continued)
                        Almonds:
                    . . . .
0802.12.00                           Shelled . . . .

**ERRATA**

Please make the following change to <u>May Food Manufacturing doing business as Mrs. May's Naturals v. United States</u>, No.06-00329, Slip Op. 09-94:

- page 2, line 5: replace "to court" with "the court".

September 2, 2009.