**Slip Op. 11-26**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE WATANABE GROUP, | : |
| Plaintiff | : |
| v. | : Before: Jane A. Restani, Judge |
| UNITED STATES, | : Court No. 09-00520 |
| Defendant, | : |
| and | : |
| ASSOCIATION OF AMERICAN SCHOOL PAPER SUPPLIERS, | : |
| Intervenor Defendant. | : |

## OPINION

[Plaintiff's motion for reconsideration denied.]

Dated: March 8, 2011

Riggle & Craven (David A. Riggle, Lei Wang, and Shitao Zhu) for the plaintiff.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera), for the defendant.

Wiley Rein, LLP (Alan H. Price, Timothy C. Brightbill, and Maureen E. Thorson) for the intervenor defendant.

Restani, Judge: Plaintiff The Watanabe Group ("Watanabe") moves for

reconsideration of the court's decision in Watanabe Grp. v. United States, Slip Op. 10-139, 2010

WL 5371606 (CIT 2010) pursuant to USCIT Rule 59.  Mot. to Reconsider and Vacate J. ("Pl.'s

Mot.") 1.  In that decision, the court granted defendant the United States's motion for summary

judgment, concluding that Commerce followed its normal practice in relying on entry date to

determine that Watanabe had activity during the period of review ("POR") requiring it to

respond to requests for information.[1]  Watanabe,  2010 WL 5371606, at * 2–3.  The facts of this

case are set forth in the court's previous opinion.  See id.  The court presumes familiarity with

that decision.

A motion for reconsideration will be granted "only in limited circumstances,"

such as for "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new

evidence which even a diligent party could not have discovered in time, or 4) an accident,

unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately

present its case." Target Stores v. United States, 471 F. Supp. 2d 1344, 1347 (CIT 2007).  The

grant or denial of a motion for reconsideration rests within the discretion of the court.  Id.  A

motion for reconsideration will not be granted "merely to give a losing party another chance to

re-litigate the case." Totes-Isotoner Corp. v. United States, 580 F. Supp. 2d 1371, 1374 (CIT

2008) (internal quotation marks and citation omitted).

The Government alleges that Watanabe's motion for reconsideration is not based

on valid procedural grounds.  Def.'s Resp. to Pl.'s Mot. to Reconsider and Vacate J. 3–4.  Here,

Watanabe states that the "a key portion of the Court's opinion was based on a misunderstanding

---

[1] The court also held that Commerce properly applied inferences adverse to the interests of Watanabe and that Commerce correctly assigned Watanabe the PRC-wide rate.  Watanabe, 2010 WL 5371606, at * 3–5.  Watanabe does not move for reconsideration of either of these holdings.

or misapprehension of key facts."  Pl.'s Mot. at 1, 6–7.  Yet nowhere does Watanabe point to the

fact which the court has allegedly misunderstood.  Watanabe does not contest that the sale in

question was made prior to the POR and entered the United States during the POR.  Rather, it

appears Watanabe believes that the alleged factual error in question is the court's determination

that Commerce's practice is to attribute sales to a particular POR based on entry date.  Watanabe

rests its claim on an impermissible ground: an issues and decision memorandum published by

Commerce after the court's decision.  Watanabe's assertion is based on new, non-binding law

and, therefore, Watanabe's motion rests on invalid grounds.

Regardless of the fatal procedural defect, Watanabe's claim also fails on the

merits.  First, Watanabe alleges that the court's finding that Commerce's normal practice is to

examine transactions based on entry date "is an inaccurate and incomplete statement of

[Commerce's] practice."  Pl.'s Mot. at 2–3 (citing Issues and Decision Memorandum for Silicon

Metal from the People's Republic of China: Final Results of the 2008-2009 Administrative

Review of the Antidumping Duty Order, A-570-806, POR 6/1/08–5/31/09, at 5–6 (Jan. 11,

2011), available at http://ia.ita.doc.gov/frn/summary/PRC/2011-1051-1.pdf (last visited Mar. 8,

2011) ("Silicon Metal II").  "Commerce has the discretion to choose entries, exports, or sales in

determining whether sales activity occurred during the POR," see 19 C.F.R. § 351.213(d)(3), and

Commerce's normal practice is to look to entry date.  See, e.g., Certain Welded Carbon Steel

Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review, 63

Fed. Reg. 55,578, 55,589 (Dep't Commerce Oct. 16, 1998); Issues and Decision Memorandum

for Silicon Metal from the People's Republic of China: Final Results of 2007/2008

Administrative Review, A-570-806, POR 6/1/07–5/31/08, at 50 (Jan. 5, 2010), available at

http://ia.ita.doc.gov/frn/summary/PRC/2010-378-1.pdf (last visited Mar. 8, 2011) ("Silicon

Metal I") (Commerce's "practice [is] to consider entries of subject merchandise in U.S. export

price . . . sales"). Silicon Metal II states that Commerce's "practice is to review each sale of

subject merchandise only once," id. at 6, but never remarks on Commerce's normal practice

regarding whether transactions are reviewed based on entry or sale date. In Silicon Metal II,

Commerce apparently diverged from its normal practice because, 1) Commerce relied on sale

dates in prior reviews of silicon metal and therefore continued to do so for consistency, and 2)

respondents failed to "provide the information necessary to tie U.S. sales to their entry dates."

Id. at 50. Unlike Silicon Metal II, in the instant case Commerce did not rely upon sale dates in

prior reviews and respondents have placed on the record both the entry date and sale date of the

transaction in question. Watanabe, 2010 WL 5371606, at *1.

Second, Watanabe alleges that Commerce "conducted an actual review of

Watanabe's sales" during the 2006 to 2007 POR because Watanabe "submitted timely

information." Pl.'s Mot. at 5. Watanabe has provided no evidence that Commerce in fact

individually examined the transaction in question during the prior review and is therefore

somehow double counting the transaction in the current review. Given Commerce's stated

preference to review transactions based on entry, see supra at 2, Watanabe's allegation that

Commerce impermissibly double-counted a transaction requires evidentiary support which has

not been provided at any point during this litigation.[2]

Thus, Watanabe did not submit its motion for reconsideration on a valid

---

[2] This is not a determination by the court that Commerce may not use a methodology that results in a particular pricing decision being examined in more than one review.

procedural ground and, even if the motion is considered on the merits, the evidence put forth by

Watanabe fails to support its allegations.  Watanabe's request to "be granted the opportunity to

further brief the issue as to the prior review and whether the sale at issue was covered by the

prior administrative review," Pl.'s Mot. at 7, is also rejected.  Watanabe had ample opportunity

before Commerce and before the court to submit adequate factual evidence regarding the

transaction in question.  Watanabe raised this issue in both its initial brief and reply brief.

Watanabe's repeated failure to demonstrate that Commerce improperly handled the transaction

does not create grounds for additional briefing.

       For the foregoing reasons, the plaintiff's motions for reconsideration and to

submit additional briefing are denied.


                                                                   /s/ Jane A. Restani
                                                                   Jane A. Restani
                                                                      Judge

Dated this 8th day of March, 2011.
New York, NY